# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JOSEPH RYAN BLAIR,
ADC #127526                                                                              PLAINTIFF

V.                                      4:15CV00641 JLH/JTR

TERRY ROPER, Corporal,
Faulkner County Sheriff's Office, et al.                                         DEFENDANTS

## **RECOMMENDED PARTIAL DISPOSITION**

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff, Joseph Ryan Blair ("Blair"), is a prisoner in the Arkansas Department of Correction. He has filed this *pro se* § 1983 action alleging that, while he was in a pretrial detainee in the Faulkner County Detention Facility, Defendants failed to protect him from being attacked by another prisoner and denied him adequate medical care for the shoulder injuries he sustained during that attack. *Doc. 10.*

Blair has recently filed a Motion asking the Court issue a preliminary injunction requiring ADC officials to take him to a specialist for examination of his shoulder. *Doc. 36.*

When deciding whether to grant a prisoner preliminary injunctive relief, a court must consider: (1) the threat of irreparable harm to the movant; (2) the balance between the harm to the movant and the harm to the nonmoving party should the injunction issue; (3) the likelihood of success on the merits; and (4) the public interest. *Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013). As the movant, Blair bears the heavy burden of establishing that he is entitled to preliminary relief. *See Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (emphasizing that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration").

Keeping these principles in mind, the Court concludes that Blair's request for a preliminary injunction should be denied because he has not demonstrated the likelihood of success on the merits of his inadequate medical care claim *against Faulkner County officials*. To the contrary, Blair is currently in the custody of the ADC. Because there are no ADC Defendants in this lawsuit, the Court cannot order the preliminary injunctive relief that Blair seeks.[1] *See Owens v. Isaac*, 487 F.3d 561, 564 (8th Cir. 2007); *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Blair's Motion for a Preliminary Injunction *(Doc. 36)* be DENIED.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 30th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If Blair believes that he is *currently* receiving constitutionally inadequate care for his shoulder, he must file a *new and separate* §1983 lawsuit raising that claim *against ADC officials*.